Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4095 | DATE | 5/3/2002 |
| CASE TITLE | Robert Antonson vs. United Armored Services Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant United Armored Service, Inc's Bill of Costs is GRANTED IN PART. Defendant is awarded costs of $1,295.70.

(11) ☒ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 06 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT ANTONSON,

    Plaintiff,

v.

UNITED ARMORED SERVICES, INC.,

    Defendant.

Case No. 00 C 4095

Hon. Harry D. Leinenweber

FILED MAY - 3 2002
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
MAY - 6 2002

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs which it filed after this Court granted summary judgment in favor of the Defendant United Armored Services, Inc. ("UAS"). UAS requests that Plaintiff be taxed $2,513.65 in costs pursuant to 28 U.S.C. § 1920; FED. R. CIV. P. 54(d); and Local Rule 54.1. Plaintiff Robert Antonson ("Antonson") did not respond to Defendant's Bill of Costs.

### DISCUSSION

FED. R. CIV. P. 54(d) provides, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The costs explicitly allowed by § 1920 are: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd.*, 717 F.2d 219, 222 (7th Cir. 1988). However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). This Court must review a prevailing party's bill of costs in scrupulous detail. As the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, UAS is entitled to recover costs only if (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

UAS seeks recovery for the following in its Bill of Costs: (1) $1,994.05 for transcript fees; (2) $276.10 for copies of papers necessarily obtained for use in the case; and (3) $243.50 for witness fees. The Court will review each of the claimed costs in turn.

### FEES FOR TRANSCRIPTS

UAS requests that Antonson be taxed $1,994.05 for transcripts of depositions obtained for use in the case. Each proceeding for

which recovery of transcription costs is sought will be addressed in turn.

### Antonson Deposition Transcript

Defendant seeks $1,111.25 for a 305-page original transcript of the Antonson deposition. The Judicial Conference rate allowed for original deposition transcripts is $3.00 per page. This fee covers *all costs* of transcript production. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL Ch. 20, pt. 20.8 (1998)("COURT REPORTERS MANUAL"). *See also, Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)(holding that Judicial Conference rates apply to deposition charges by private stenographer as well as court reporters). Defendant is therefore entitled to only $915 for the original transcripts.

Defendant also seeks $8.00 for "handling charges." Under the Judicial Conference guidelines, postage or delivery costs are considered an ordinary business expense and may not be charged in relation to obtaining transcripts. COURT REPORTERS MANUAL Ch. 20, pt. 20.9.4.

### Salo, Parisi, Holmer, and Fay Deposition Transcripts

UAS seeks a total of $749.80 for copies of the deposition transcripts of Richard Salo ($101.40), Eva Parisi ($153.20), Kent Holmer ($148.30), and Susan Fay ($346.90). These costs include transcript copies, ASCII Diskettes, condensed copies of the

transcripts, mailing costs, and exhibit copies. The copy rate established by the Judicial Conference for a regular copy is $0.75 per page. Additionally, the maximum per-page rate for condensed copies of a transcript is the same as that for a full-size transcript. Since Defendant has not provided the Court with any information regarding the page count of the regular transcript copies or the condensed copies, there is no way to determine if the costs charged are within the Judicial Conference guidelines. The charges for regular and condensed copies of these depositions are therefore denied. Defendant is also not entitled to recover charges for ASCII diskettes of deposition transcripts, which are merely for the attorney's convenience and not necessary to litigating the case. *Jones v. Bd. of Trustees of Community College Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 946 (7th Cir. 1997).

Costs for enlargements and exhibits are recoverable when they are an essential aid to understanding an issue in the case. *See, e.g., Board of Trustees v. Underwood Neuhaus Company, Inc.*, 1995 WL 38964, *2 (N.D. Ill. 1982)(holding that the costs for enlargement of exhibits were taxable because the exhibits were necessary to aid the jury in understanding complex securities issues and calculations). There is nothing before the Court to indicate such an essential need in this case. This cost is therefore also denied

as unnecessary. Accordingly, UAS is not entitled to recover any costs related to any of these depositions.

## **COPYING FEES**

UAS next requests recovery of $276.10 for in-house copying costs. Defendant is entitled to recover the costs for making necessary copies of necessary documents. Extra copies of filed papers are not necessary, but are for the convenience of the attorneys, and the cost of extra copies is not taxable. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). The Seventh Circuit has clearly stated that charges for in-house reproduction may not exceed the charges of an outside print shop. *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991). The Court notes that local print shops charge $0.09 to $0.10 per page for standard photocopying and finds that $0.10 per page is a reasonable charge for in-house copying.

Defendant's motion in support of its Bill of Costs claims 2,761 pages of photocopied materials for which it seeks reimbursement. Copying documents for production in discovery is clearly necessary and recoverable. For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. The cost of additional copies made for the convenience of counsel is not recoverable. Discovery requests and responses are original documents and copying costs for these items

are not taxable. Accordingly, Defendant is allowed to recover the following copying expenses:

|  | No. Pages | Rate | Total |
|---|---|---|---|
| Copies of Court Documents | 1,914 | $0.10 | $ 191.40 |
| Documents Produced to Plaintiff | 788 | $0.10 | $ 78.80 |
| Total Recoverable Costs |  |  | $ 270.20 |

## WITNESS FEES

Finally, UAS seeks recovery of $243.50 for witness fees. This total includes $133.00 for the attendance fee of the stenographer at Dr. Joshi's deposition, $41.00 for Dr. Joshi's deposition witness fee, and $69.50 for the subpoena served on Dr. Joshi to secure his attendance at the deposition. The $133.00 charge of the stenographer for attendance at Dr. Joshi's deposition is not taxable as a witness fee. The subpoena fee is taxable under § 1920(1) unless it is challenged as unreasonable or unnecessary. There is no such challenge here and the $69.50 charge is allowed. Witness fees are allowable under § 1920(3) pursuant to 28 U.S.C. § 1821. The Court finds that the $41.00 witness fee for Dr. Joshi was also a reasonable and necessary cost. UAS may therefore tax Antonson for $110.50 in witness costs.

## SUMMARY

Based on the standards and computations set forth above, UAS is hereby awarded the following costs: (1) $915.00 in transcript

fees; (2) $270.20 for photocopying costs; and (3) $110.50 in witness costs.

### CONCLUSION

Defendant United Armored Service, Inc.'s Bill of Costs is GRANTED IN PART. Defendant is awarded costs of $ 1,295.70. **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: May 3, 2002